UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ABSOLUTE RESOLUTIONS INVESTMENTS, LLC,

                Plaintiff,

   -against-

CITIBANK, N.A.,

                Defendant.
------------------------------------------------------------x

Case No. 22-cv-2079-VM

**CITIBANK, N.A.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM**

Citibank, N.A. ("Citi") hereby answers the First Amended Complaint of plaintiff Absolute Resolutions Investments, LLC (together with its affiliates, referred to herein as "Absolute") and hereby states as follows:

NATURE OF THE ACTION

1. Citi denies that it violated the parties' Master Agreements or breached the implied covenant of good faith and fair dealing, and further denies that it "caused [ARC] significant damages and completely undermined Absolute's reasonable commercial expectations." The remainder of Paragraph 1 of the Amended Complaint reflects Absolute's legal conclusions and characterization of this action to which no response is required.

2. From September 2019 until November 2020, Citi admits that ARC paid Citi approximately $23 million in connection with portfolios of delinquent, charged-off, forward flow credit card accounts, and denies the remaining allegations set forth in Paragraph 2 of the Amended Complaint.

3. Citi admits that Absolute is a buyer of debt; that, in 2019 and 2020, Citi sold certain credit card debt portfolios to Absolute in accordance with the terms of the parties' Master Agreements, including Addenda, Amendments and other documents relating thereto; and that the terms of the contractual obligations imposed on the parties speak for themselves, and no further answer to the

1

allegations in Paragraph 3 of the Amended Complaint purporting to summarize those contractual obligations is required.  Citi lacks knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 3.

4. Citi admits the first sentence of Paragraph 4 of the Amended Complaint.  Citi lacks sufficient knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 4.

5. Paragraph 5 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent that a further response is required, Citi denies Absolute's characterization of the parties' contractual obligations and the intent underlying the terms of the same, and states that the parties' contractual obligations speak for themselves.

6. Citi denies the allegations set forth in Paragraph 6 of the Amended Complaint.

7. Citi admits that Absolute raised questions to Citi about the composition of the final files sold to Absolute; that COVID-19 impacted Citi's portfolio sales; and that in May 2020, Absolute and Citi executed a release "absolving Citi of liability of any previous account selection."  Citi is without knowledge or information sufficient to admit or deny "what Absolute began to notice" and what Absolute "reason[ed]" in executing the release.  Citi denies the remaining allegations set forth in Paragraph 7 of the Amended Complaint.

8. Citi denies the allegations set forth in Paragraph 8 of the Amended Complaint.

9. Citi denies the allegations set forth in Paragraph 9 of the Amended Complaint.

10. Citi denies the allegations set forth in Paragraph 10 of the Amended Complaint.

## THE PARTIES

11. Citi is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 11 of the Amended Complaint.

12. Citi admits that Citibank, N.A. is a national banking association organized under the laws

of the United States with a main office, as set forth in its Articles of Association, located in Sioux Falls, South Dakota. Citi denies any allegations inconsistent therewith.

## JURISDICTION AND VENUE

13. Citi admits that this Court has properly exercised jurisdiction over this matter, and that Citi transacts business in this District, but denies the remaining allegations set forth in Paragraph 13 of the Amended Complaint.

14. Citi admits the allegations set forth in Paragraph 14 of the Amended Complaint.

15. Citi admits the allegations set forth in Paragraph 15 of the Amended Complaint.

## FACTS

16. Citi is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 16 of the Amended Complaint, and therefore denies the allegations in Paragraph 16.

17. Citi admits the allegations set forth in Paragraph 17 of the Amended Complaint, except as to Costco, which it denies.

18. Citi admits that it has approved certain debt buyers to participate in Citi's auction sales of delinquent credit card debt. Citi denies the remaining allegations set forth in Paragraph 18 of the Amended Complaint.

19. Citi admits it sells charged-off credit accounts and places them with collection agencies, but denies the allegations set forth in Paragraph 19 to the extent that they suggest these are the only two options for disposition of charged-off accounts.

20. Citi admits the allegations set forth in Paragraph 20 of the Amended Complaint, except as to the timing of sales for accounts in bankruptcy, which it denies.

21. Citi denies the allegations set forth in Paragraph 21 of the Amended Complaint.

22. Citi admits the allegations set forth in Paragraph 22 of the Amended Complaint, except as

to the use of the term "sample portfolio," which it denies.

23. Citi admits the allegations set forth in Paragraph 23 of the Amended Complaint, except as to the use of the term "sample portfolio," which it denies.

24. Citi admits the allegations set forth in Paragraph 24 of the Amended Complaint.

25. Citi admits that each prospective bidder is responsible for working with Citi's third-party vendor to set up the parameters by which the vendor will score the bid file. The vendor then provides a tailored file to the prospective auction bidder and thereby discloses various account characteristics, but Citi is without knowledge or information sufficient to admit or deny what information a prospective bidder uses to internally analyze whether and how much to bid, and the criteria the prospective bidder uses for the same. Citi denies any allegations inconsistent therewith.

26. Citi admits the allegations in Paragraph 26 of the Amended Complaint, except as to the use of the terms "sometimes" and "sample portfolio," which it denies.

27. Citi states that the terms of the parties' Master Agreements, including Addenda, Amendments, and the documents exchanged in connection therewith, speak for themselves, and otherwise denies any allegations inconsistent therewith.

28. Citi is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 28 of the Amended Complaint, and therefore denies the allegations in Paragraph 28.

29. Citi admits that an auction occurs after the due diligence period; that the bidding for its auction sales is blind; and that it typically awards the sale to the successful bidder, where, among other things, (1) the successful bidder has offered the highest price; (2) the parties have come to mutual agreement on the sale terms; and (3) there is no other impediment to sale. Citi denies the remaining allegations set forth in Paragraph 29 of the Amended Complaint.

30. Citi admits the allegations set forth in the first and second sentences set forth in Paragraph 30 of the Amended Complaint. As to the third sentence, Citi states that it complied with the terms of the

parties' Master Agreements, including Addenda, Amendments, and the documents exchanged in connection therewith; states that the terms of the parties' contractual obligations speak for themselves; and denies any allegations that are inconsistent therewith.

31. Citi admits that the allegations set forth in Paragraph 31 of the Amended Complaint, except as to the use of the term "legally," which is vague, ambiguous and calls for a legal conclusion.

32. Citi admits that Absolute was a buyer of Citi credit card portfolios between 2011 and 2015, and is without knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 32 of the Amended Complaint, and therefore denies the allegations in Paragraph 32.

33. Citi admits that Absolute was no longer an authorized Citi debt buyer as of May 2016, and denies the remaining allegations set forth in Paragraph 33 of the Amended Complaint.

34. Citi states that, due to privilege and confidentiality protections, Absolute is not entitled to a response as to employment-related matters applicable to Mr. Taulbee. Citi admits that Absolute was approved as an authorized Citi debt buyer on or about July 2019. To the extent a further response is required, Citi denies the remaining allegations set forth in Paragraph 34 of the Amended Complaint.

35. Citi admits the allegations set forth in Paragraph 35 of the Amended Complaint.

36. Citi denies the allegations set forth in Paragraph 36 of the Amended Complaint.

37. Citi denies the allegations set forth in Paragraph 37 of the Amended Complaint.

38. Citi denies the allegations set forth in Paragraph 38 of the Amended Complaint.

39. Citi is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 39 of the Amended Complaint, and therefore denies the allegations in Paragraph 39.

40. Citi is without knowledge or information sufficient to admit or deny what was "unknown to Absolute." Citi admits that it is aware that Mr. Taulbee and his wife worked at UHG and Cavalry, respectively. Citi denies the remaining allegations set forth in Paragraph 40 of the Amended Complaint.

41. Citi states that, due to privilege and confidentiality protections, Absolute is not entitled to

a response as to employment-related matters applicable to Mr. Dasch. To the extent that a further response is required, Citi denies the allegations set forth in Paragraph 41 of the Amended Complaint.

42. Citi denies the allegations set forth in Paragraph 42 of the Amended Complaint.

Defendants And Absolute Enter Into Agreements To Purchase and Sell Debt Accounts

43. Citi notes that the Master Agreements, including Addenda and Amendments, are not similar in all respects, but otherwise admits the allegations set forth in Paragraph 43 of the Amended Complaint.

44. Citi states that the terms of the Master Agreements, including Addenda and Amendments, speak for themselves, and Citi denies any interpretation that is inconsistent therewith.

45. Citi states that the terms of the Master Agreements, including Addenda and Amendments, speak for themselves, and Citi denies any interpretation that is inconsistent therewith.

46. Paragraph 46 of the Amended Complaint calls for a legal conclusion to which no response is required. To the extent that a further response is required, Citi states that the terms of the Master Agreements, including Addenda and Amendments, speak for themselves, and otherwise denies the allegations set forth in Paragraph 46.

47. Paragraph 47 of the Amended Complaint calls for a legal conclusion to which no response is required. To the extent that a further response is required, Citi states that the terms of the Master Agreements, including Addenda and Amendments, speak for themselves, and otherwise denies the allegations set forth in Paragraph 47.

48. Paragraph 48 of the Amended Complaint calls for a legal conclusion to which no response is required. To the extent that a further response is required, Citi states that the terms of the Master Agreements, including Addenda and Amendments, speak for themselves, and otherwise denies the allegations set forth in Paragraph 48.

49. Paragraph 49 of the Amended Complaint calls for a legal conclusion to which no response

is required.  To the extent that a further response is required, Citi states that the terms of the Master Agreements, including Addenda and Amendments, speak for themselves, and Citi denies any interpretation that is inconsistent therewith.

50. Paragraph 50 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent that a further response is required, Citi states that the terms of the Master Agreements, including Addenda and Amendments, speak for themselves, and otherwise denies the allegations set forth in Paragraph 50.

51. Paragraph 51 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent that a further response is required, Citi states that the terms of the Master Agreements, including Addenda and Amendments, speak for themselves, and Citi denies any interpretation that is inconsistent therewith.

52. Paragraph 52 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent that a further response is required, Citi states that the terms of the Master Agreements, including Addenda and Amendments, speak for themselves, and Citi denies any interpretation that is inconsistent therewith.

53. Citi admits that in October 2019, Absolute participated in an auction sale of a portfolio of accounts referred to as Brands & Costco Early Out 120-Day Flow; that its third-party vendor provided a due diligence file of account information to each of the prospective auction bidders in accordance with the criteria that the prospective auction bidder requested; and that it provided a Seller Survey to prospective auction bidders. Citi denies the remaining allegations set forth in Paragraph 53 of the Amended Complaint.

54. Citi states that the terms of the Seller Survey speak for themselves and denies any interpretation that is inconsistent therewith.

55. Citi states that the terms of the Seller Survey speak for themselves, and denies any

interpretation that is inconsistent therewith.

56. Citi admits that, for most forward-flow sales, it removes a small group of randomly selected accounts, known as a control group, in order to evaluate anticipated returns using different collection processes. Citi denies any allegations inconsistent therewith.

57. Citi denies the allegations set forth in Paragraph 57 of the Amended Complaint.

58. Citi admits the allegations set forth in Paragraph 58 of the Amended Complaint, but states that the terms of the relevant Addendum control.

59. Citi admits the allegations set forth in Paragraph 59 of the Amended Complaint, but states that the terms of the relevant Addendum control.

60. Citi admits the allegations set forth in Paragraph 60 of the Amended Complaint, but states that the terms of the relevant Addendum control.

61. Citi admits that prospective bidders use internal scoring criteria, but is without knowledge or information sufficient to admit or deny the internal scoring criteria each prospective bidder specifically relies on in determining whether and/or what to bid. Citi otherwise denies the remaining allegations set forth in Paragraph 61 of the Amended Complaint.

62. Citi admits the allegations set forth in Paragraph 62 of the Amended Complaint.

63. Citi denies the allegations set forth in Paragraph 63 of the Amended Complaint.

64. Citi admits that in October 2019, in connection with a planned sale of Brands & Costco Early Out 120-Day Flow, its third-party vendor provided prospective auction bidders with a due diligence file comprised of approximately 4,468 accounts, with a collective balance totaling approximately $24.788 million. Citi denies the remaining allegations set forth in the first sentence of Paragraph 64 of the Amended Complaint. Citi is without knowledge or information sufficient to admit or deny the allegations set forth in the second sentence of Paragraph 64 of the Amended Complaint.

65. Citi admits that it removed 649 accounts from the due diligence file as a result of sale

ineligibility and control group review, and otherwise denies the allegations set forth in Paragraph 65 of the Amended Complaint.

66. Citi denies the allegations set forth in Paragraph 66 of the Amended Complaint.

67. Citi is without knowledge or information sufficient to admit or deny the allegations set forth in the first sentence of Paragraph 67 of the Amended Complaint. Citi denies the allegations set forth in the second sentence of Paragraph 67 of the Amended Complaint.

68. Citi admits that for the first month of the sales flow (October 2019), it provided Absolute with the due diligence file and the final sale file, and denies the remaining allegations set forth in Paragraph 68 of the Amended Complaint.

69. Citi denies that Absolute suffered damages as a result of any actions on Citi's part, and further denies any allegations or visual depictions in Paragraph 69 inconsistent therewith.

70. Citi admits the allegations set forth in Paragraph 70 of the Amended Complaint.

71. Citi admits the allegations set forth in Paragraph 71 of the Amended Complaint.

72. Citi admits the allegations set forth in Paragraph 72 of the Amended Complaint.

73. Citi is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 73 of the Amended Complaint, and therefore denies the allegations in Paragraph 73.

74. Citi admits that, on information and belief, Absolute wrote to Citi on March 30, 2020, and that the contents of Absolute's communications speak for themselves.

75. Citi admits, on information and belief, Absolute wrote to Citi on March 30, 2020, and that the contents of Absolute's communications speak for themselves.

76. Citi denies that it did not provide a response to Absolute.

77. Citi admits that in March 2020, it removed 909 accounts from the due diligence file as a result of sale ineligibility and control group review, and adjusted the final sales price accordingly, but otherwise denies the allegations set forth in Paragraph 77 of the Amended Complaint.

78.  Citi admits that it suspended all flows in April 2020 due to COVID-19 except as to flows involving accounts in bankruptcy, and denies that other closings proceeded as planned. Citi denies the remaining allegations set forth in Paragraph 78 of the Amended Complaint.

79.  Citi admits that it received an email from Robert Johnson, Absolute's Chief Executive Officer on April 27, 2020, an excerpt of which is set forth in Paragraph 79 of the Amended Complaint, and further states that the language of Mr. Johnson's original email in full speaks for itself.

80.  Citi admits that it conferred with Absolute concerning the March 2020 forward-flow sale and that it was unable to transfer certain accounts to Absolute due to FEMA-related impacts caused by COVID-19. Citi denies the remaining allegations set forth in Paragraph 80 of the Amended Complaint.

81.  Citi states that (1) the sale files provided to Absolute and (2) the parties' Master Agreements, including Addenda, Amendments and the documents exchanged in connection therewith, speak for themselves. Citi otherwise denies the allegations set forth in Paragraph 81 of the Amended Complaint.

82.  Citi admits that the parties executed a release and otherwise denies the allegations set forth in Paragraph 82 of the Amended Complaint.

83.  As to the first sentence of Paragraph 83 of the Amended Complaint, Citi is without knowledge or information sufficient to admit or deny what Absolute "construed," and otherwise denies the allegations set forth in the sentence. As to the second and third sentences of Paragraph 83, Citi admits that Robert Johnson, Absolute's Chief Executive Officer, sent a letter to Mary McNiff, Citi's Chief Compliance Officer, dated June 12, 2020, states that the contents of the letter speak for themselves, and otherwise denies the allegations set forth in Paragraph 83.

84.  As to the first sentence of Paragraph 84, Citi admits that in September 2020, Absolute was the successful bidder on a portfolio of accounts referred to as the Costco Fresh 180-Day Flow Sale. As to the second sentence of Paragraph 84, Citi refers to the Seller Survey and states that the terms of the

Seller Survey speak for themselves and denies any allegations inconsistent therewith. As to the third sentence of Paragraph 84, Citi admits that Absolute bid on a portfolio of accounts referred to as the Costco Fresh 180-Day Flow Sale, denies that any sale batches were "infected," and is otherwise without knowledge or information sufficient to admit or deny the remaining allegations set forth in the sentence.

85. Citi admits the allegations set forth in Paragraph 85 of the Amended Complaint.

86. Citi admits that it removed 387 accounts from the due diligence file as a result of sale ineligibility and control group review, and denies the remaining allegations set forth in Paragraph 86 of the Amended Complaint.

87. Citi admits that in September 2020, Absolute was the highest bid on a forward flow sale of fresh accounts, refer to the Seller Survey as to the definition of fresh, and denies the remaining allegations set forth in Paragraph 87 of the Amended Complaint.

88. Citi denies the allegations set forth in Paragraph 88 of the Amended Complaint.

89. Citi denies the allegations set forth in Paragraph 89 of the Amended Complaint.

90. Citi admits it had several calls with Absolute in November 2020, and that on information and belief, Citi received Absolute's email, which is excerpted herein. Citi further states that the contents of the email speak for themselves.

91. Citi admits that the parties had several calls to discuss the September 2020 sale, and the accounts removed from the same; that Citi provided an explanation for the removal of these accounts and the definition of the term "Fresh"; refers to the relevant Seller Survey as to the definition of "Fresh"; and denies the remaining allegations set forth in Paragraph 91 of the Amended Complaint.

92. Citi states that the parties' communications culminating in the execution of the September 2020 Addendum to the 2020 Master Agreement speak for themselves, and denies that the remaining allegations set forth in Paragraph 92 of the Amended Complaint.

93. Citi admits that it received an email from Absolute dated December 30, 2020, which is

excerpted above, and states that the contents of the email speak for themselves. Citi otherwise denies the remaining allegations set forth in Paragraph 93 of the Amended Complaint.

94. Citi admits that it issued a termination letter to Absolute, the contents of which speak for themselves. Citi denies any allegations inconsistent with the termination letter, and otherwise denies the remaining allegations set forth in Paragraph 94 of the Amended Complaint.

95. Citi denies the allegations set forth in Paragraph 95 of the Amended Complaint.

96. Citi denies the allegations set forth in Paragraph 96 of the Amended Complaint.

97. Citi denies the allegations set forth in Paragraph 97 of the Amended Complaint.

98. Citi denies the allegations set forth in Paragraph 98 of the Amended Complaint.

99. Paragraph 99 of the Amended Complaint calls for a legal conclusion to which no response is required. To the extent that a further response is required, Citi refers to the order in question, and denies any allegation inconsistent therewith.

100. Paragraph 100 of the Amended Complaint calls for a legal conclusion to which no response is required. To the extent that a further response is required, Citi refers to the order in question, and denies any allegation inconsistent therewith.

101. Paragraph 101 of the Amended Complaint calls for a legal conclusion to which no response is required. To the extent that a further response is required, Citi refers to the order in question, and denies any allegation inconsistent therewith.

102. Citi states that, due to privilege and confidentiality protections, Absolute is not entitled to a response as to employment-related matters applicable to Mr. Dasch. Citi denies that any misconduct occurred with respect to the account portfolios sold to Absolute.

103. Citi is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 103 of the Amended Complaint, and therefore denies the allegations in Paragraph 103.

104. Citi denies the allegations set forth in Paragraph 104 of the Amended Complaint.

105. Citi denies the allegations set forth in Paragraph 105 of the Amended Complaint.

106. As to the first and second sentences in Paragraph 106 of the Amended Complaint, Citi is without knowledge or information sufficient to admit or deny the allegations. As to the third and fourth sentences of Paragraph 106, Citi denies the allegations.

FIRST CAUSE OF ACTION
Breach of Contract

107. Paragraph 107 of the Amended Complaint calls for a legal conclusion to which no response is required.

108. Paragraph 108 calls for a legal conclusion to which no response is required. To the extent that a further response is required, Citi refers to the parties' Master Agreements, including Addenda, Amendments and documents exchanged between the parties, and denies any allegations inconsistent therewith.

109. Citi denies the allegations set forth in Paragraph 109 of the Amended Complaint.

110. Citi denies the allegations set forth in Paragraph 110 of the Amended Complaint.

111. Paragraph 111 of the Amended Complaint calls for a legal conclusion to which no response is required. To the extent that a further response is required, Citi refers to the parties' Master Agreements, including Addenda, Amendments and documents exchanged between the parties, and denies any allegation inconsistent therewith.

112. Paragraph 112 of the Amended Complaint calls for a legal conclusion to which no response is required. To the extent that a further response is required, Citi refers to the parties' Master Agreements, including Addenda, Amendments and documents exchanged between the parties, and South Dakota law, and denies any allegation inconsistent therewith.

113. Citi denies the allegations set forth in Paragraph 113 of the Amended Complaint.

114. Citi admits and agrees with Absolute that Citi has been damaged, and denies that Absolute has been damaged, or is entitled to any monetary damages or other relief.

## SECOND CAUSE OF ACTION
### Breach of the Covenant of Good Faith and Fair Dealing

115.  Paragraph 115 of the Amended Complaint calls for a legal conclusion to which no response is required.

116.  Paragraph 116 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a further response is required, Citi states the terms of the Master Agreements, including Addenda, Amendments, and documents exchanged in connection therewith, speak for themselves.

117.  Paragraph 117 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent a further response is required, Citi states the terms of the Master Agreements, including Addenda, Amendments, and documents exchanged in connection therewith, speak for themselves.

118.  As to the first and second sentences of Paragraph 118 of the Amended Complaint, Citi is without knowledge or information sufficient to admit or deny the allegations set forth therein. As to the third sentence of Paragraph 118 of the Amended Complaint, Citi admits that it was obliged to remove certain accounts from sales files, among other reasons, as a result of COVID-19, and otherwise denies the allegations set forth therein.

119.  Citi denies that it acted improperly in removing accounts from final sale, and states that the accounts it removed speak for themselves as to their status and characteristics at the time.

120.  Citi denies the allegations set forth in Paragraph 120 of the Amended Complaint.

121.  As to the second sentence of Paragraph 121 of the Amended Complaint, Citi has no knowledge or information sufficient to admit or deny what Absolute expected.  As to the first and third sentences of Paragraph 121, Citi denies the allegations set forth therein.

122.  The first sentence of Paragraph 122 of the Amended Complaint calls for a legal conclusion to which no response is required.  To the extent that a further response is required, Citi denies the

allegations set forth therein. Citi denies the allegations set forth in the second sentence of Paragraph 122.

123.  Citi denies the allegations set forth in Paragraph 123 of the Amended Complaint.

## PRAYER FOR RELIEF

Citi denies that Absolute is entitled to monetary damages, judgments, or any other relief.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Citi also asserts the following affirmative defenses:

### First Affirmative Defense

The Complaint and purported cause of action contained therein fails, in whole or in part, to state a claim upon which relief can be granted.

### Second Affirmative Defense

Absolute's claims are barred by the doctrine of release.

### Third Affirmative Defense

Absolute's claims are barred because Absolute suffered no injury or damages.

### Fourth Affirmative Defense

To the extent Absolute suffered any damages, such damages were not caused by Citi.

### Fifth Affirmative Defense

To the extent Absolute suffered any damages, such damages were caused by its own conduct or the conduct of another.

### Sixth Affirmative Defense

Absolute failed to mitigate its damages, if any exist.

### Seventh Affirmative Defense

Absolute's claims are barred, in whole or in part, by laches, waiver, or estoppel.

### Eighth Affirmative Defense

Absolute's claims are barred by the doctrines of unclean hands and/or *in pari delicto*.

Ninth Affirmative Defense

Absolute's claims are barred, in whole or in part, because Absolute would be unjustly enriched if allowed to recover on the Complaint.

Tenth Affirmative Defense

Absolute's claims are barred by the doctrine of accord and satisfaction.

Eleventh Affirmative Defense

Citi has insufficient knowledge or information to determine whether it may have additional, as yet unstated, affirmative defenses available. Citi has not knowingly or intentionally waived any applicable additional affirmative defenses and reserves the right to raise additional defenses as they become known to Citi through discovery in this matter. Citi further reserves the right to amend this Answer, to add, delete, or modify defenses based upon legal theories that may be divulged through clarification of Absolute's Amended Complaint, discovery, or further legal analysis.

WHEREFORE, having answered Absolute's Amended Complaint, Citi prays that this Court:

(a) dismiss the Amended Complaint with prejudice;

(b) enter judgment in favor of Citi on the counts alleged against them; and

(c) award such other relief as the Court may deem just and proper.

## COUNTERCLAIM

Defendant and Counterclaim Plaintiff Citibank, N.A. ("Citi"), as and for its Counterclaim against Plaintiff and Counterclaim Defendant Absolute Resolutions Investment, LLC ("Absolute"), alleges as follows:

## NATURE OF THIS ACTION

1. Citi brings this civil action for breach of contract arising out of Absolute's failure to remit payment to Citi as required pursuant to the parties' 2020 Master Purchase and Sale Agreement ("2020 Master Agreement") and the Addendum thereto. As a result, Citi was forced to approve the cover bid and suffered damages in excess of $200,000.

2. By and through this action, Citi seeks to recover its damages arising from Absolute's breach.

## PARTIES

3. Defendant and Counterclaim Plaintiff Citibank, N.A. is a national banking association with a main office located in Sioux Falls, South Dakota.

4. Upon information and belief, Plaintiff and Counterclaim Defendant Absolute Resolutions Investments, LLC is a limited liability company organized under the State of Arizona with a principal place of business in Bloomington, Minnesota.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1441 and 1446 because this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), in that the matter is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 1391(2).

## COUNT I
## BREACH OF CONTRACT

7. Citi hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

8. In September 2020, Citi agreed to sell, and Absolute agreed to purchase, a six month forward flow of certain delinquent credit card accounts that was referred to as the Costco Fresh 180-Day Flow.

9. The parties' contract, which is comprised of the 2020 Master Agreement and its September 2020 Addendum, governs the sale of six Costco portfolios over a six-month period; it constitutes a valid and enforceable contract for value, and is supported by adequate consideration.

10. Citi fully performed its material obligations under the 2020 Master Agreement and the September 2020 Addendum at all relevant times.

11. Absolute materially breached the 2020 Master Agreement and the September 2020 Addendum by failing to remit payment in accordance with their terms.

12. As a direct and proximate result of Absolute's breach of the parties' 2020 Master Agreement and the September 2020 Addendum, Citi has incurred monetary damages, including, but not limited to damages in excess of $200,000, which represents the difference in value between Absolute's highest September 2020 bid and the second highest September 2020 bid (known as the cover bid), as well as costs and legal fees expended in an effort to recover Citi's damages.

## PRAYER FOR RELIEF

WHEREFORE, Citibank, N.A. prays for judgment in its favor and against Counterclaim Defendant providing for the following relief:

A. Order Counterclaim Defendant to pay Citi the difference in value between Absolute's successful bid and the cover bid;

B.      Award Citi interest at the maximum rate per annum on the amounts found to be due and owing to Citi, from the date of wrongful conduct until the date of judgment;

C.      Award Citi attorneys' fees and costs of suit herein incurred; and

D.      Award Citi such other and further relief as the Court may deem just and proper.

Dated: February 20, 2024        K&L Gates LLP

By: */s/ Thomas A. Warns*
Thomas A. Warns
599 Lexington Avenue
New York, NY 10022-6030
Tel: (212) 536-3900
Email: tom.warns@klgates.com

Phoebe S. Winder (*admitted pro hac vice*)
Email: phoebe.winder@klgates.com
Jeffrey S. Patterson (*admitted pro hac vice*)
Email: jeffrey.patterson@klgates.com

One Congress Street, Suite 2900
Boston, MA 02114
Tel: (617) 261-3196

*Counsel for Defendant Citibank, N.A.*