UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

| | |
|---|---|
| ABSOLUTE RESOLUTIONS INVESTMENTS, LLC, | Case No. 1:22-cv-02079-MMG |
| Plaintiff/Counterclaim Defendant, | **ABSOLUTE RESOLUTIONS INVESTMENTS, LLC'S ANSWER TO COUNTERCLAIM** |
| -against- | |
| CITIBANK, N.A., | |
| Defendant/Counterclaim Plaintiff. | |

---------------------------------------------------------------x

Plaintiff and Counterclaim Defendant Absolute Resolutions Investments, LLC (together with its affiliates, referred to herein as "Absolute"), by and through its undersigned attorneys, hereby answers the Counterclaim of Defendant and Counterclaim Plaintiff Citibank, N.A. ("Citi") as follows.

## NATURE OF THIS ACTION

1. Absolute denies that it breached the 2020 Master Purchase and Sale Agreement and the Addendum thereto. Absolute denies that "[a]s a result" of those alleged breaches by Absolute, Citi was forced to approve the cover bid or that it suffered any damages. The remainder of Paragraph 1 reflects Citi's legal conclusions and characterizations of this action to which no response is required.

2. Absolute denies that it engaged in any conduct which caused Citi to suffer any damages. The remainder of Paragraph 2 reflects Citi's legal conclusions and characterizations of this action to which no response is required.

## PARTIES

3. Absolute lacks sufficient knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 3.

4. Absolute admits the allegations set forth in Paragraph 4.

## JURISDICTION AND VENUE

5. Absolute admits the allegations in Paragraph 5.

6. Absolute admits the allegations in Paragraph 6.

## COUNT I
## BREACH OF CONTRACT

7. Paragraph 7 reflects Citi's legal conclusions and characterizations of this action to which no response is required.

8. Absolute admits the allegations in Paragraph 8.

9. Absolute admits the allegations in Paragraph 9.

10. Absolute denies the allegations in Paragraph 10.

11. Absolute denies the allegations in Paragraph 11.

12. Absolute denies the allegations in Paragraph 12.

## PRAYER FOR RELIEF

Absolute denies that Citi is entitled to any damages or monetary relief.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would otherwise bear, Absolute asserts the following affirmative defenses:

### First Affirmative Defense

The Counterclaim is barred because it fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Counterclaim is barred because Absolute's performance under the 2020 Master Agreement is excused due to the failure of Citi to satisfy multiple condition precedents to

Absolute's obligation to pay Citi. Among other things: *First*, the 2020 Master Agreement required Citi to provide "a data file … to [Absolute] … substantially similar to the data file on which [Absolute] based its bid in all material scoring characteristics." Citi did not satisfy this condition precedent and instead provided an actual sale file that was significantly degraded from the due diligence file upon which Absolute conditioned its bid price.

*Second*, Section 3.5. of the 2020 Master Agreement, entitled "No Adverse Selection," provides that Citi "will not employ any selection criteria, materially adverse to the interest of Buyer, in selecting the Accounts sold to the Buyer hereunder." Citi materially breached its contractual obligations to Absolute when it violated Section 3.5 by repeatedly employing selection criteria that was materially adverse to Absolute. Further, when Absolute requested information from Citi about its selection criteria and the control process, Citi refused and terminated Absolute as a Buyer and the 2020 Master Agreement.

As a result of these actions by Citi, among others, Absolute is excused from its obligation to remit payment under the 2020 Master Agreement.

<u>Third Affirmative Defense</u>

The Counterclaim fails because Citi breached the covenant of good faith and fair dealing when Citi failed to provide information concerning discrepancies in the portfolios on Absolute's reasonable request. As the Court explained in denying Citi's motion to dismiss Absolute's First Amended Complaint:

> Section 3.5 of the Master Agreements forbids Citibank from "employ[ing] any selection criteria, materially adverse to the interest of [Absolute], in selecting the Accounts sold." It is a reasonable expectation that, upon suspicion that Citibank used its control process as a subterfuge to keep valuable credit card accounts for itself, Absolute could ask for more information about how the control process was administered. Absolute could further expect a detailed response from their contractual counterparty, rather than obfuscation. Moreover, Section 3.5 itself contemplates selection criteria materially adverse to Absolute to be "disclosed in

3

the final electronic file," suggesting that the parties expected some degree of transparency with respect to account selection, yet no part of the Master Agreements goes into detail on that subject. The Amended Complaint adequately alleges that Citibank did not in good faith afford that transparency to its partner in contract.

*See* Dkt. No. 43 at 51-52. As noted by the Court, Absolute is excused from its obligation to remit payment under the 2020 Master Agreement because Citi breached the implied covenant of good faith and fair dealing.

### Fourth Affirmative Defense

The Counterclaim fails because it is barred by the doctrine of unclean hands. By failing to provide information in response to Absolute's request for information concerning discrepancies in the portfolios on Absolute's reasonable request, and by terminating Absolute upon the receipt of such requests, Citi materially breached, committed wrongdoing, and acted in bad faith in its performance of the contract, which resulted in harm to Absolute.

### Fifth Affirmative Defense

The Counterclaim fails because it is barred by the doctrine of waiver.

### Sixth Affirmative Defense

To the extent Citi suffered any damages, such damages were not caused by Absolute.

### Seventh Affirmative Defense

If any damages exist, the Counterclaim is barred by Citi's failure to mitigate its damages and because the alleged actions by Absolute were necessary to mitigate its own damages.

### Eighth Affirmative Defense

The Counterclaim is barred under the doctrine of laches.

### Ninth Affirmative Defense

The Counterclaim is barred under the doctrine of estoppel.

<u>Tenth Affirmative Defense</u>

The Counterclaim is barred because Citi would be unjustly enriched if it were allowed to recover on the Counterclaim.

<u>Eleventh Affirmative Defense</u>

Absolute asserts its right to amend its Answer and Affirmative Defenses to assert any additional defenses as may later become available or apparent to Absolute. Absolute has not knowingly or intentionally waived any applicable additional affirmative defenses and reserves the right to raise additional defenses as they become known to Absolute through discovery in this matter. Absolute further reserves the right to amend this Answer, to add, delete, or modify defenses based upon legal theories that may be divulged through clarification of Citi's Counterclaim, discovery, or further legal analysis. Nothing stated herein constitutes a concession that Absolute bears a burden of proof on any issue which it would not otherwise bear such burden.

DATED: March 8, 2024
New York, New York

Respectfully submitted:

HARRIS ST. LAURENT & WECHSLER LLP

By: <u>/s/ Yonaton Aronoff</u>
Jonathan Harris, Esq.
Yonaton Aronoff, Esq.
Alisha L. McCarthy, Esq.
40 Wall Street, 53rd Floor
New York, New York 10005
(212) 397-3370
jon@hs-law.com
yaronoff@hs-law.com
amccarthy@hs-law.com

*Attorneys for Plaintiff/Counterclaim Defendant*
*Absolute Resolutions Investments, LLC*