

March 12, 2024

**VIA ECF**

Honorable Margaret M. Garnett
United States District Court
Southern District Of New York
40 Foley Square, Courtroom 906
New York, New York 10007

      Re: *Absolute Resolutions Investments, LLC v. Citibank, N.A.*, Case 1:22-cv-02079-MMG

Your Honor:

In advance of the initial case management conference scheduled for March 19th at 11:30 a.m. EST in the above-referenced matter, the parties respectfully submit this joint letter pursuant to Rule II(A)(5) of Your Honor's Individual Rules and Practices.

    **I.    CASE SUMMARY**

Absolute Resolutions Investments, LLC ("Absolute") has asserted claims against Citibank, N.A. ("Citi") for (i) breach of contract and (ii) breach of the implied covenant of good faith and fair dealing.[1] Citi asserts a counterclaim against Absolute for breach of contract.[2] The parties' claims arise from a commercial relationship between Citi and Absolute by which Citi sold delinquent credit card debt to Absolute from time to time.

Citi provides credit card products and related services. When credit card accounts become delinquent, Citi designates the accounts as "charged off" and may decide to offer the accounts for sale to outside buyers such as Absolute. Prospective buyers work with Citi's third-party vendor to set up parameters by which prospective buyers may score charged-off accounts, and the third-party vendor provides files that disclose certain requested account characteristics (e.g., FICO score, age of borrower). Prospective buyers may use information about the accounts to determine how much to bid for a given portfolio.

---

[1] Absolute initiated this action against Citi in the Supreme Court, New York County. Citi removed the case to federal court based on diversity jurisdiction. The Court granted Citi's motion to dismiss Absolute's initial complaint without prejudice and granted leave to replead. On February 2, 2023, Absolute filed the First Amended Complaint, which is the operative complaint in the instant action (the "Complaint"). On January 29, 2024, this Court denied Citi's motion to dismiss the Complaint.

[2] Citi answered the Complaint on February 20, 2024, asserting a counterclaim against Absolute for breach of contract. Absolute filed an answer to Citi's counterclaim on March 8, 2024.

318037761.1

In July 2019, Citi approved Absolute as a debt purchaser for its delinquent credit card accounts. The parties' arrangement is governed by two Master Sale and Purchase Agreements (one in 2019 and another in 2020; together, the "Master Agreements"). Pursuant to the Master Agreements, Absolute bid on and purchased multiple sets of accounts in 2019 and 2020.

### A. Absolute's Claim For Breach of Contract

Absolute alleges that there were serious discrepancies between the characteristics of the accounts Citi promised to sell to Absolute and the characteristics of the accounts ultimately transferred to Absolute by Citi; and avers that Citi breached the Master Agreements by removing high-value accounts out of the sales portfolios before transferring those portfolios to Absolute, in violation of Citi's promise to not employ any selection criteria materially adverse to the interest of Absolute.

Citi contends that it complied with the terms of the parties' Master Agreements, and did not adversely "cherry pick" high-value accounts before transferring portfolios to Absolute for final sale. Citi further contends that Absolute had the full opportunity to review the accounts included in the final sale files, and proceeded with the sales. Lastly, Citi contends that Absolute's claim for breach of contract as it relates to the first and second forward-flow sales is barred by a release executed by the parties in May 2020.

### B. Absolute's Claim For Breach of the Covenant of Good Faith and Fair Dealing

Absolute alleges that Citi breached the implied duty of good faith and fair dealing by failing, upon reasonable request, to provide information concerning discrepancies identified by Absolute between the portfolios Citi previewed and the portfolios Citi actually sold to Absolute.

Citi contends that it did not fail to provide information to Absolute concerning alleged discrepancies in the accounts. Citi repeatedly conferred with Absolute, and Absolute nevertheless refused to accept its explanation that no adverse selection had occurred.

### C. Citi's Claim for Breach of Contract

Citi alleges that Absolute breached the 2020 Master Agreement by failing to pay in full for accounts subject to a forward-flow agreement, and that this left Citi with no choice but to turn to its cover bidder (with a lower bid price) to purchase the remaining portfolio of accounts.

Absolute contends that it was not required to remit payment because (i) Citi failed to satisfy a condition precedent to Absolute's obligation to pay and (ii) Citi violated the implied covenant of good faith and fair dealing.

### II. POTENTIAL MOTIONS

The parties do not anticipate filing any motions at this time. The parties reserve the right to file expert-related motions (if necessary), and to file summary judgment motions. The parties

March 12, 2024

further reserve all rights to file any motions that may be deemed necessary during the course of litigation.

### III.  SETTLEMENT STATUS

The parties have discussed and do not believe there is a legitimate opportunity to settle the case at this time, but will watch for settlement opportunities as the case develops.

Sincerely,

*/s/Yonaton Aronoff*
Yonaton Aronoff
Harris St. Laurent & Wechsler LLP

/s/ Phoebe S. Winder
Phoebe S. Winder
K&L Gates LLP

318037761.1