# K&L GATES

March 28, 2025

Phoebe S Winder
Partner
phoebe.winder@klgates.com
T +1 617 261 3196
F +1 617 261 3175

**VIA ECF**
Hon. Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square, Courtroom 906
New York, NY 10007

Re: *Absolute Resolution Investments, LLC v. Citibank, N.A.*, 22 Civ. 2079 (MMG)

Dear Judge Garnett:

We represent Defendant Citibank, N.A. ("Citi"). We write to request permission for Citi to file under seal two exhibits referenced in its Response to Absolute's Letter-Motion to Compel Citi's Production of Documents ("the Letter-Motion") *see* ECF 93. These exhibits constitute code-related information that bears on how Citi's file creation process works. Prior to filing this Letter-Motion, Citi conferred with counsel for Plaintiff Absolute Resolution Investments, LLC ("Absolute"), who advised that Absolute consents to the filing of Citi's exhibits under seal.

The standards for filing documents under seal are set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). In that case, the Second Circuit held that the "common law right of public access" attaches to "judicial documents," which are those documents "relevant to the performance of the judicial function and useful in the judicial process." *Id*. at 119. In deciding requests such as this one, the Court balances competing considerations against the right of public access. *Id*. at 120. Valid competing considerations exist where the disclosure of confidential information would subject a party to "financial harm" or cause a party "significant competitive disadvantage." *Standard Inv. Chartered, Inc. v. FINRA*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's decision to protect financial data from public disclosure).

Here, good cause exists for granting Citi's request to seal the two exhibits at issue. In support of Citi's Response to Absolute's Letter-Motion, Citi is attaching a copy of (1) a slide deck that explains how the Control Group Process operates from a technical perspective and includes step-by-step screen captures to demonstrate how Citi's proprietary system operates with respect to the Code and the Control Group Process, and (2) a compilation of the eight SQL code documents previously produced to Absolute during discovery, which represent the systemic code used as part of the Control Group Process. *See* CITIBANK_00069468; CITIBANK_00062372–CITIBANK_00062379. Given the sensitive and highly proprietary nature of this material, and the risk that disclosure could cause Citi significant competitive disadvantage, the exhibits were marked "Attorneys' Eyes Only" during production.

This is Citi's second request in this action to file exhibits under seal. Here, Citi requests that the Court file the following exhibits under seal, which relate to Citi's proprietary, systemic code processes:

- Exhibit A – CITIBANK_00062372–CITIBANK_00062379
- Exhibit B – CITIBANK_00069468

As noted above, these exhibits contain competitively sensitive information of Citi, including the exact coding program used by Citi in its sale file creation process and an accompanying slide deck that further details how, per the systemic process, accounts are randomly selected for the control group. These documents contain information relating to Citi's debt sales operations, beyond the scope of this lawsuit, and therefore the documents fall within recognized grounds for sealing. *See, e.g., Seol Viosys Co., Ltd. v. P3 Int'l Corp.*, 16-cv-6276 (AJN), 2018 WL 4759744, at *13 (S.D.N.Y. Sept. 30, 2018) (finding that the presumption that judicial documents warrant public access was outweighed by the threat of harm to plaintiff's competitive standing by disclosure of confidential business information); *Awestruck Mktg. Grp., LLC v. Black Ops Prods.*, LLC, 16-cv-3639 (RJS), 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016) (granting motion to seal document because it "contains sensitive and proprietary information that is not generally publicly available and that, if revealed, could cause significant competitive harm").

For the foregoing reasons, Citi respectfully requests that this Court grant its request.

Respectfully submitted,

　/s/ Phoebe S. Winder

Phoebe S. Winder