# K&L GATES

March 19, 2025

Phoebe S Winder
Partner
phoebe.winder@klgates.com
T +1 617 261 3196
F +1 617 261 3175

**VIA ECF**
Hon. Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square, Courtroom 906
New York, NY 10007

Re: *Absolute Resolution Investments, LLC v. Citibank, N.A.*, 22 Civ. 2079 (MMG)

Dear Judge Garnett:

We represent Defendant Citibank, N.A. ("Citi"). We write to request permission for Citi to file the two exhibits to its Response to Absolute's Letter-Motion to Compel Cavalry Production of Documents ("the Letter-Motion") *see* ECF 83, and Cavalry's Letter-Motion to Quash ("Letter-Motion to Quash") *see* ECF 86. Prior to filing this letter-motion, Citi conferred with counsel for Plaintiff Absolute Resolution Investments, LLC ("Absolute"), who advised that Absolute consents to the filing of Citi's exhibits under seal.

The standards for filing documents under seal are set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). In that case, the Second Circuit held that the "common law right of public access" attaches to "judicial documents," which are those documents "relevant to the performance of the judicial function and useful in the judicial process." *Id*. at 119. In deciding requests such as this one, the Court balances competing considerations against the right of public access. *Id*. at 120. Valid competing considerations exist where the disclosure of confidential information would subject a party to "financial harm" or cause a party "significant competitive disadvantage." *Standard Inv. Chartered, Inc. v. FINRA*, 347 F. App'x 615, 617 (2d Cir. 2009).

Here, good cause exists for granting Citi's request. In support of Citi's Response to Absolute's Letter-Motion and Cavalry's Letter-Motion to Quash, Citi is attaching two Excel spreadsheets produced to Absolute during discovery. *See* CITIBANK_00093193; CITIBANK_00093914. These spreadsheets, among other things, address Absolute's suggestion that Citi has not produced responsive documents or information relating to the 264 accounts that are the subject of the subpoena directed to Cavalry. However, these spreadsheets include sensitive and competitively advantageous information about the accounts Citi sold to non-party Cavalry (i.e., account holder personal information, the date of the last payment on the account, the balance of the account at the time of the sale, the type of auction, and the winning percent rate), as well as information about accounts purchased *by other Citi debt buyers*.

Citi has been judicious in requesting documents be filed under seal – this is its first request in this action. The only documents that Citi requests be filed under seal at this time are the following exhibits:

1. Exhibit 1 – CITIBANK_00093193
2. Exhibit 2 – CITIBANK_00093194

These exhibits contain personally identifiable information of account holders and competitively sensitive information of Citi, including with respect to pricing, and therefore fall within recognized grounds for sealing. *See, e.g., Uni-Systems, LLC v. United States Tennis Ass'n, Inc.*, 17-cv-147 (KAM) (CLP), 2019 WL 3753780, at *5 (E.D.N.Y. Aug. 8, 2019) (granting motion to seal an exhibit containing "pricing information" because they provided "sufficient good cause to maintain the confidentiality of the information, outweighing the public's presumptive right of access"); *Seol Viosys Co., Ltd. v. P3 Int'l Corp.*, 16-cv-6276 (AJN), 2018 WL 4759744, at *13 (S.D.N.Y. Sept. 30, 2018) (finding that the presumption that judicial documents warrant public access was outweighed by the threat of harm to plaintiff's competitive standing by disclosure of confidential business information); *Awestruck Mktg. Grp., LLC v. Black Ops Prods.*, LLC, 16-cv- 3639 (RJS), 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016) (granting motion to seal document because it "contains sensitive and proprietary information that is not generally publicly available and that, if revealed, could cause significant competitive harm").

For the foregoing reasons, Citi respectfully requests that this Court grant its request.[1]

Respectfully submitted,

/s/ Phoebe S. Winder

Phoebe S. Winder

---

[1] Finally, Citi notes that certain personally identifiable information (namely, the home addresses of individual accountholders and account numbers) is also redacted in the attachments proposed to be submitted under seal. Pursuant to Section I(D)(1) of the Court's Individual Rules and Practices, Citi understands that leave of Court is not required for those redactions.

Application GRANTED. Defendant's additional application to file documents under seal (Dkt. No. 98) is also GRANTED. "There is a common law presumption in favor of permitting public access to judicial documents." *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011). However, "courts in this District routinely seal documents to prevent the disclosure of a party's confidential or competitively sensitive business information." *Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 1:20-CV-05502, 2021 WL 243943, at *1 (S.D.N.Y. Jan. 25, 2021). Having examined the documents in question and considering Defendant's representation that the documents contain competitively sensitive information, the Court finds that Defendant's interest in filing competitively sensitive information under seal outweighs the presumption of access. The Clerk of Court is respectfully directed to terminate Dkt. Nos. 91 and 98.

SO ORDERED. Dated April 29, 2025.

HON MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE