**K&L GATES**

Jeffrey S. Patterson
Partner
jeffrey.patterson@klgates.com

T +1 617 261 3124
F +1 617 261 3175

April 3, 2026

**VIA ECF**
Hon. Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square, Courtroom 906
New York, NY 10007

> **Re:** *Absolute Resolution Investments, LLC v. Citibank, N.A.*, 22 Civ. 2079 (MMG)

Dear Judge Garnett:

We represent Defendant Citibank, N.A. ("Citi"). We write to request permission for Citi to file under seal (i) its Memorandum of Law in Support of its Motion to Exclude the Testimony and Report of Justin McLean, proposed expert of Plaintiff Absolute Resolutions Investments, LLC ("Absolute"), and (ii) the exhibits attached to Declaration of Jeffrey S. Patterson Filed in Support of the Motion to Exclude the Expert Report and Testimony of Justin McLean. These documents, and the supporting exhibits, contain various proprietary information produced during discovery by Citi and Absolute (together, the "Parties"). Prior to filing this Letter-Motion, Citi conferred with counsel for Absolute, who advised that Absolute consents to and agrees with the request of the filing of the above-mentioned documents under seal.

The standards for filing documents under seal are set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). In that case, the Second Circuit held that the "common law right of public access" attaches to "judicial documents," which are those documents "relevant to the performance of the judicial function and useful in the judicial process." *Id*. at 119. In deciding requests such as this one, the Court balances competing considerations against the right of public access. *Id*. at 120. Valid competing considerations exist where the disclosure of confidential information would subject a party to "financial harm" or cause a party "significant competitive disadvantage." *Standard Inv. Chartered, Inc. v. FINRA*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's decision to protect financial data from public disclosure).

Here, good cause exists for granting Citi's request to seal the documents at issue. In support of Citi's Motion to Exclude the Expert Report and Testimony of Justin McLean, Citi is attaching documents, which primarily consist of copies of documents produced by Absolute relating to Absolute's collection activities and alleged damages related to the at-issue sales. The exhibits show Absolute's internal debt purchasing processes, its proprietary account scoring models and pricing sheets, data and documents, its strategic decisions on its debt sale purchases, projected future revenues, economic analysis and calculations, financial targets, and metrics on portfolios outside

the scope of this lawsuit. The exhibits were marked either "Attorneys' Eyes Only" or "Confidential" during production.

Here, Citi requests that the Court file the following documents under seal:

- Citi's Memorandum of Law in Support of its Motion to Exclude the Testimony and Report of Plaintiff's Proposed Expert, Justin McLean, Pursuant to Rule 702 and *Daubert*; and

- The Exhibits attached to the Declaration of Jeffrey S. Patterson in Support of its Motion to Exclude the Testimony and Report of Plaintiff's Proposed Expert, Justin McLean, Pursuant to Rule 702 and *Daubert*

As noted above, these exhibits contain competitively sensitive information of Absolute, including Absolute's collection metrics *See, e.g., Seol Viosys Co., Ltd. v. P3 Int'l Corp.*, 16-cv-6276 (AJN), 2018 WL 4759744, at *13 (S.D.N.Y. Sept. 30, 2018) (finding that the presumption that judicial documents warrant public access was outweighed by the threat of harm to plaintiff's competitive standing by disclosure of confidential business information); *Awestruck Mktg. Grp., LLC v. Black Ops Prods.*, LLC, 16-cv- 3639 (RJS), 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016) (granting motion to seal document because it "contains sensitive and proprietary information that is not generally publicly available and that, if revealed, could cause significant competitive harm").

For the foregoing reasons, Citi respectfully requests that this Court grant its request.


Respectfully submitted,

*/s/ Jeffrey S. Patterson*

Jeffrey S. Patterson