# K&L GATES

April 3, 2026

Jeffrey S. Patterson
Partner
jeffrey.patterson@klgates.com

T +1 617 261 3124
F +1 617 261 3175

**VIA ECF**
Hon. Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square, Courtroom 906
New York, NY 10007

Re:   ***Absolute Resolutions Investments, LLC v. Citibank, N.A.*, 22 Civ. 2079 (MMG)**

Dear Judge Garnett:

We represent Defendant Citibank, N.A. ("Citi").  We write to request permission for Citi to file under seal (i) its Memorandum of Law in Support of Motion to Exclude the Expert Report and Testimony of Monty Myers, proposed expert of Plaintiff Absolute Resolutions Investments, LLC ("Absolute"), and (ii) the exhibits attached to the Declaration of Phoebe S. Winder Filed in Support of the Motion to Exclude the Expert Report and Testimony of Monty Myers, and the exhibits attached thereto. Prior to filing this Letter-Motion, Citi conferred with counsel for Absolute, who advised that Absolute consents to and agrees with the request of the filing of the above-mentioned documents under seal.

The standards for filing documents under seal are set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  In that case, the Second Circuit held that the "common law right of public access" attaches to "judicial documents," which are those documents "relevant to the performance of the judicial function and useful in the judicial process." *Id*. at 119.  In deciding requests such as this one, the Court balances competing considerations against the right of public access. *Id*. at 120.  Valid competing considerations exist where the disclosure of confidential information would subject a party to "financial harm" or cause a party "significant competitive disadvantage." *Standard Inv. Chartered, Inc. v. FINRA*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's decision to protect financial data from public disclosure).

Here, good cause exists for granting Citi's request to seal the documents at issue.  In support of Citi's Motion to Exclude the Expert Report and Testimony of Monty Myers, Pursuant to Rule 702 and *Daubert*, Citi is attaching dozens of supporting documents, which include, but are not limited to, copies of documents showing, or reports and deposition testimony discussing, Citi's proprietary debt sale processes, Citi's software and computer processes, Citi's strategic decisions on its debt sale portfolio, documents detailing Citi account holder personal identification information (PII) as

to specific accounts, and reflecting Citi's organizational structure, code-related information that details how Citi's asset sales processes operate, along with detailed information explaining the implementation of the code-related documents.[1] Given the sensitive and highly proprietary nature of this material, and the risk that disclosure could cause Citi significant competitive disadvantage, all of the exhibits were marked either "Attorneys' Eyes Only" or "Confidential" during production.

Here, Citi requests that the Court file the following documents under seal:

- Citi's Memorandum of Law in Support of Citi's Motion to Exclude the Expert Report and Testimony of Monty Myers; and

- Exhibits attached to Declaration of Phoebe S. Winder in Support of Citi's Motion for Summary Judgment.

As noted above, these documents contain competitively sensitive information of Citi, including the exact coding program used by Citi in its sale file creation process and documents detailing how, per the systemic process, accounts are randomly selected for the control group. These documents also contain information relating to Citi's debt sales operations, and are proprietary in nature, and therefore the documents fall within recognized grounds for sealing. Further, these documents include detailed personal identified information that relates to Citi accountholders and their particular accounts. *See, e.g., Seol Viosys Co., Ltd. v. P3 Int'l Corp.*, 16-cv-6276 (AJN), 2018 WL 4759744, at *13 (S.D.N.Y. Sept. 30, 2018) (finding that the presumption that judicial documents warrant public access was outweighed by the threat of harm to plaintiff's competitive standing by disclosure of confidential business information); *Awestruck Mktg. Grp., LLC v. Black Ops Prods.*, LLC, 16-cv- 3639 (RJS), 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016) (granting motion to seal document because it "contains sensitive and proprietary information that is not generally publicly available and that, if revealed, could cause significant competitive harm").

For the foregoing reasons, Citi respectfully requests that this Court grant its request.


Respectfully submitted,

*/s/ Jeffrey S. Patterson*

Jeffrey S. Patterson

---

[1] Many of the documents in this category constitute the same types of documents and/or discuss the types of documents that have previously been filed under seal in this matter pursuant to the Court's prior sealing order. *See* Dkt. No. 99.